UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON SPORTS MEDICINE, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>BOSTON SPORTS MEDICINE AND RESEARCH INSTITUTE, LLC, and DR. THOMAS GILL,<br><br>            Defendants. | No. 1:21-CV-11945-DJC |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S
PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 37 and L.R. 37.1, defendants Boston Sports Medicine and Research Institute, LLC and Dr. Thomas Gill ("Defendants") move for entry of an order compelling Plaintiff to produce documents to Defendants. In support of their motion, Defendants state as follows.

1.    Plaintiff is a Massachusetts corporation providing physical therapy services in Massachusetts. Defendants are a Massachusetts company providing surgery services and an orthopedic surgeon in Boston. Plaintiff brought this lawsuit against Defendants, alleging trademark infringement, unfair competition, and violation of an anti-cybersquatting statue, among other claims. This lawsuit is Plaintiff's second attempt to sue Defendants, after failing to pursue its claims in the first litigation. *See* Docket 1:16-cv-10143-DJC.

2.    On September 2, 2022, Defendants served on Plaintiff their First Set of Interrogatories and First Requests for Production, copies of which are attached as Exhibits 1 and 2.

3.    Plaintiff served responses to the requests in November 2022. Copies are attached as Exhibits 3 and 4.

1

4. In Plaintiff's responses to Requests for Production, Plaintiff referred to documents being produced by references to "attached" Exhibits 1-59. Nothing was attached. *See* Exhibit 3.

5. In Plaintiff's answers to interrogatories, Plaintiff referred to documents being produced by references to Exhibits 1-12. Nothing was attached. *See* Exhibit 4.

6. To date, Plaintiff has not produced any documents to Defendants in response to these requests.

7. Counsel for Defendants, Straat Tenney, has made numerous requests for compliance, to no avail:

    a. After finally having agreed to a protective order in May 2023, on June 5, 2023, counsel for Defendants asked Plaintiff's counsel when production would be forthcoming. Counsel for Defendants received no response.

    b. Counsel for Defendants tried calling Plaintiff's counsel again on June 8, 2023, but received no response.

    c. Finally, during a telephone call on June 12, 2023, Plaintiff's counsel agreed to produce documents on Friday, June 16, 2023. A copy of the email confirming same is attached as Exhibit 5.

    d. Plaintiff failed to produce documents as agreed. Plaintiff's counsel gave no explanation for failing to produce document; just silence.

    e. On June 20, 2023, Plaintiff's counsel canceled Defendants' depositions, claiming he had been sick for the last several days with no voice. Counsel for Defendants (again) asked Plaintiff to produce documents, stating that Defendants would be forced to move to compel. With no response, Defendants' counsel sought a discovery motion conference. Plaintiff's counsel responded that he had been sick and that he would

produce documents starting that evening. A copy of the email confirming same is attached as Exhibit 6. Again, no documents were produced as promised.

      f.      On Tuesday, June 27 at approximately 10:00 AM, counsel for Defendants called counsel for Plaintiff. Plaintiff promised that he would begin production, but that he would not be able to complete production by Plaintiff's Rule 30(b)(6) deposition, which is scheduled for Thursday, June 29.

8.      Counsel for Defendants can no longer rely on empty promises. Counsel for Defendants has no choice but to move to compel. Plaintiff's deposition is scheduled for June 29, 2023, and as of this date, two days prior, Plaintiff has produced no documents. Discovery ends June 30, 2023. Dkt. No. 43. As a result, counsel for Defendants requests the following relief:

      a.      Compel Plaintiff to produce all documents as indicated in his answers to interrogatories (Exhibits 1 -12) and in his responses to document requests (Exhibits 1 – 59) within two weeks;

      b.      Allow Defendants to suspend and reopen Plaintiff's deposition after the discovery deadline to complete the deposition of Plaintiff concerning any documents produced; and

      c.      Preclude Plaintiff from using any documents it has failed to produce by this Court's deadline as evidence at trial or in connection with any dispositive motion.

## Conclusion

Defendants respectfully request that the Court enter an order compelling Plaintiff to produce documents, as requested above.

        BOSTON SPORTS MEDICINE AND
        RESEARCH INSTITUTE, LLC and DR.
        THOMAS J. GILL

        */s/Elizabeth H. Kelly*
        Elizabeth H. Kelly (BBO No. 672277)
        liz.kelly@lockelord.com
        LOCKE LORD LLP
        111 Huntington Avenue
        Boston, MA 02199
        T. 617.230.0100

        H. Straat Tenney (admitted *pro hac vice*)
        straat.tenney@lockelord.com
        LOCKE LORD LLP
        Brookfield Place
        200 Vesey Street, 20th Floor
        New York, NY 10281
        T. 212.912.2915

        Thomas G. Yoxall (admitted *pro hac vice*)
        tyoxall@lockelord.com
        LOCKE LORD LLP
        2200 Ross Avenue #2800
        Dallas, Texas 75201
        T. 214.740.8000

June 27, 2023

## Certificate of Compliance with Local Rules 7.1 and 37.1

Counsel for Defendants has conferred with opposing counsel in good faith, including the telephonic discovery conference on June 27, 2023 at 10:00 AM between Straat Tenney and Douglas Hartman, discussed above, in an effort to resolve the issues presented in this motion.

        */s/H. Straat Tenney*
        H. Straat Tenney

**Certificate of Service**

      I certify that on June 27, 2023 this document was served electronically upon all counsel of record by filing through the ECF system.

                                                   */s/Elizabeth H. Kelly*
                                                   Elizabeth H. Kelly